

**MEMO ENDORSED**

**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 442-8248
Fax: (212) 788-9776

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/08

March 12, 2008

**VIA HAND DELIVERY**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Application granted. SO ORDERED.*
*3-13-08*
*9611*

    Re: <u>Sheila Callaghan, et. al. v. City of New York, et al.</u>, 07 Civ. 9611
    (PKC)(DFE)

Your Honor:

        I am Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of
the City of New York, representing defendant City of New York in the above-referenced matter.
I write with respect to the above-referenced matter in which plaintiffs allege that their
constitutional rights were violated by defendants. Defendant City respectfully requests an
extension of time to answer or otherwise respond to this complaint from until May 12, 2008.[1]
Plaintiff has consented to this request for an extension of time.

        There are several reasons for seeking an enlargement of time in this matter. In
accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure,
we need time to investigate the allegations of the complaint. Furthermore, it is our
understanding that the records of the underlying criminal actions, including police records, may
have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this
office is in the process of forwarding to plaintiff for execution authorizations for the release of

---

[1] Plaintiff purports to have served defendant City on January 25, 2008. Although defendant City
disputes same, defendant City of New York only is waiving the defense of failure of service of
process.

sealed arrest and criminal prosecution records so that defendant can access the information, properly assess the case, and respond to this complaint.

Additionally, upon information and belief, the named individual defendants have not been served with the summons and complaint in this action. This extension should also allow plaintiff time to serve the individual defendants. Moreover, if timely served, it may also give this office an opportunity to determine whether the officer is entitled to representation by this office. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Finally, it is our understanding that plaintiffs are contemplating amending their complaint again. The requested extension may prevent the necessity of several separate responses.

No previous request for an extension has been made by defendant City of New York. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to May 12, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Mark D. Zuckerman
Senior Counsel

cc:    Rose M. Weber, Esq. (Via Facsimile)

2