USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

**Gideon Orion Oliver**
c/o 200 East 10th Street #91
New York, New York 10003
(718) 783-3682

**MEMO ENDORSED**

May 21, 2008

RECEIVED
MAY 28 2008
CLERK'S OFFICE
S.D.N.Y.

BY HAND

J. Michael McMahon
Clerk of Court
United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007-1312

>   Re:  Callaghan, et al. v. City of New York, et al.
>        1:07-cv-09611 (PKC)(DFE)

Dear Mr. McMahon:

Along with David Rankin, Esq. and Rose Weber, Esq., I represent the plaintiffs in the above-captioned lawsuit.

Consistent with Local Civil Rule 1.6 and Division of Business Rule 15, I write to inform you that there may exist relationships among Callaghan and other pending cases – specifically, MacNamara, et al. v. City of New York, et al., 04-CV-9216 (RJS)(JCF) and the numerous other cases related to it that have been consolidated before Magistrate Judge James C. Francis IV for discovery purposes; Five Borough Bicycle Club v. City of New York, et al., 1:07-cv-02448 (LAK)(GWG); and/or Time's Up! v. City of New York, et al., 1:07-cv-09557(PAC)(HBP).

We would oppose reassignment of Callaghan as possibly related to the above-captioned (or other) cases. By way of relevant background, Callaghan is a § 1983 action seeking damages on behalf of approximately 120 plaintiffs arrested by New York City Police Department ("NYPD") officers between October of 2004 and February of 2006 pursuant to policies and practices the NYPD developed prior to the Republican National

Convention ("RNC") in August of 2004 relating to policing Critical Mass bicycle rides.

Critical Mass bicycle rides occurred in New York City largely without incident between approximately 1994 and August of 2004. On August 27, 2004 - the Friday before the RNC - the NYPD arrested approximately 264 people in connection with a Critical Mass bicycle ride. Between then and early 2006, mass arrests and the confiscation and retention of bicycles as alleged evidence were regular aspects of the NYPD's Critical Mass policing strategy.

The constitutionality of various aspects of the NYPD's law enforcement actions at and in connection with Critical Mass rides between 2004 and 2006 has been the subject of Bray, et al. v. City of New York, et al., 1:04-cv-08255 (WHP) (RLE) (see, e.g., 346 F. Supp. 2d 480 (SDNY October 28, 2004); 356 F. Supp. 2d 277 (SDNY December 23, 2004); and 2005 U.S. Dist. LEXIS 21748 (SDNY September 30, 2005)), City of New York, et al. v. Time's Up!, et al., 11 Misc. 3d 1052A (Sup. Ct. N.Y. Co. February 14, 2006), among other Southern District cases that are no longer pending, People v. Bezjak, 11 Misc.3d 424 (Crim. Ct. NY Co. January 9, 2006), the appeal of which is pending before the Appellate Term, First Department, and numerous other prosecutions in New York City Criminal Court.

The Callaghan plaintiffs were arrested on the last Fridays of months between October of 2004 and February of 2006 by NYPD officers assigned to Critical Mass details. Plaintiffs' bicycles were seized and retained by the NYPD and plaintiffs were prosecuted for allegedly violating New York City Administrative Code § 10-110 and its implementing regulations (collectively, the "parade permitting scheme") and New York State Penal Law § 240.20 (Disorderly Conduct).

The Complaint in Callaghan was filed on October 29, 2007, an Amended Complaint was filed on November 26, 2007, a Second Amended Complaint was filed on January 25, 2008, and a Third Amended Complaint was filed on April 29, 2008. The case has been assigned to Hon. P. Kevin Castel and Magistrate Judge

Douglas F. Eaton. At the May 12, 2008 initial pre-trial conference, the Court ordered that plaintiffs shall have provided to defendants' counsel releases pursuant to New York State Criminal Procedure Law § 160.50 by June 20, 2008; that plaintiffs shall serve all named defendants within the time provided in Federal Rule of Civil Procedure 4(m); and that defendants' time to answer or move will be extended to a date to be set at the next conference on July 18, 2008.

We respectfully submit that Callaghan is not related to the above-referenced cases pending in the Southern District within the meaning of the Local Rule 1.6 and Division of Business Rule 15.

MacNamara is a putative class action filed in approximately early 2005 challenging policies and practices the NYPD developed and/or refined to police the RNC in 2004 that has been consolidated for discovery purposes along with between 50 and 100 other RNC-related cases. Some of the paper discovery that has been conducted in MacNamara may overlap with discovery in Callaghan, see, e.g., MacNamara, 2008 U.S. Dist. LEXIS 25982 (April 1, 2008) (ordering the City to produce, *inter alia*, a pre-RNC Critical Mass police planning Powerpoint and certain information regarding the NYPD's use of undercover officers), and some of the plaintiffs in Callaghan are also plaintiffs in RNC-related cases arising from arrests made on the night of the August 27, 2004 Critical Mass ride and throughout the RNC and/or potential MacNamara class members. Some of the defendants and non-party witnesses in MacNamara may also be defendants and non-party witnesses in Callaghan.

Five Borough Bicycle Club challenges the constitutionality of revisions the NYPD made to its parade permitting regulations after the arrests at issue in Callaghan and their application to group bicycle rides. See 483 F. Supp. 2d 351 (SDNY April 17, 2007). Some of the discovery that may occur in Callaghan may overlap with the discovery that has been conducted in 5BBC, and three of the plaintiffs in 5BBC are also plaintiffs in Callaghan. Some of the defendants and non-party witnesses in 5BBC may also be defendants and non-party witnesses in

3

Callaghan. Discovery in 5BBC is ongoing, and the plaintiffs seek only injunctive relief - not damages, as do the plaintiffs in Callaghan.

Finally, Time's Up! v. NYC is an action for damages challenging the City's unconstitutional targeting and other treatment of Time's Up! and its (actual and/or perceived) members and/or associates, particularly in connection with an event at the Time's Up! space that was raided by NYPD officers during the pendency of the Bray litigation. Few of the defendants and non-party witnesses in Time's Up! may also be defendants and non-party witnesses in Callaghan. The defendants have moved to dismiss the case prior to answering, and no discovery has been conducted.

Pretrial proceedings in MacNamara and 5BBC are already well underway, whereas Time's Up! is in its most preliminary stages. No substantial saving of judicial resources would result by coordinating pre-trial proceedings in Callaghan with those ongoing proceedings in the other cases. In fact, reassignment would retard the natural progress of this case and whatever case it could be consolidated with. We respectfully submit that the interests of justice and efficiency would be best served by treating Callaghan separately from these other cases.

Respectfully submitted,

*[signature]*

Gideon Orion Oliver (GO8799)

cc: Mark Zuckerman, Esq. (and any other interested person)

*[handwritten note]:* The defendants will have until June 12, 2008 to respond to Mr. Oliver's letter and Mr. Oliver will have until June 19 to reply. It appears that the Time's Up! complaint, 07 Civ. 9557 (PAC), and this complaint seek money damages for police interference and/or arrests made on the evening of October 29, 2004 (as well as other dates) directed at mass bicycle rides. There may also be overlap with other pending cases in this District. The submissions should address how the goals of Rule 1, Fed. R. Civ. P., and the interests of judicial economy can best be achieved.

SO ORDERED.

*[signature]*, USDJ.

5-28-08