USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-24-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHEILA CALLAGHAN, et al
                        Plaintiffs,

        -against-

CITY OF NEW YORK, et al.,

                        Defendants.
------------------------------------------------------------x

07 Civ. 9611 (PKC)

ORDER

P. KEVIN CASTEL, District Judge:

      I now have the Joint Letter of the parties with exhibits. These are the Court's rulings.

      1. All plaintiffs shall respond to to Interrogatory No. 21 and all responses are due no later than July 13, 2009. **ANY PLAINTIFF WHO HAS NOT RESPONDED BY JULY 13, 2009 MAY BE DISMISSED FROM THE ACTION AS A SANCTION FOR NON-COMPLIANCE.**

      2. Defendants propose to examine each plaintiff concerning prior group rides, including prior Critical Mass rides. Where First Amendment rights of speech, assembly and association are invoked, it is appropriate for a Court to engage in a more searching inquiry and impose a heightened standard of the relevance. Inquiry as to these prior rides may lead to relevant evidence concerning motivation, intent and absence of mistake on the plaintiff's part on the day in question. It bears upon knowledge of traffic regulations. Any "general Critical Mass procedures" pertaining to mass rides (Gillmor Tr. 45) may have bearing on the procedures, if any, employed on the day of the ride at issue. The conduct of the police on prior occasions may have bearing on plaintiff's selective enforcement claim. The limits on the duration of a

deposition provides a restriction on the scope of any questioning. Rule 30(d)((1), Fed. R. Civ. P. Defendants are entitled to responses to the questions posed at the June 15, 2009 deposition of Daniel Gilmor, including those to which an objection was made.

3. Subject to any valid claim of attorney-client privilege or attorney work product as to a specific confidential communication, I will allow defendants to inquire as to any conversation with Mr. Rankin or Mr. Oliver on the subject of mass or group rides, police reaction to mass or group rides and any actual or potential action to be taken by any of the plaintiffs. Any particularized and communication-specific privilege or work product claims are not ripe for adjudication.

4. By July 13, 2009, plaintiffs' counsel shall provide to defendants' counsel a listing of all plaintiffs who (1) have a good faith basis to make a claim of emotional or psychological injury lasting more than six months as a result of the events alleged in the complaint; or (2) have incurred any bills, treatment-related expenses, out-of-pocket expenses or lost wages as a result of any emotional or psychological injury caused in whole or in part by the events alleged in the complaint. **ANY PLAINTIFF NOT LISTED BY JULY 13, 2009 MAY BE PRECLUDED FROM ASSERTING EVIDENCE IN SUPPORT OF A CLAIM FOR EMOTIONAL OR PSYCHOLOGICAL INJURY A SANCTION FOR NON-COMPLIANCE.**

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 23, 2009