UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHEILA CALLAGHAN, et al
                              Plaintiffs,

        -against-

CITY OF NEW YORK, et al.,

                              Defendants.
-----------------------------------------------------------x

```
+-----------------------------------+
| USDS SDNY                         |
| DOCUMENT                          |
| ELECTRONICALLY FILED              |
| DOC #: _____                   |
| DATE FILED:  ___8/11/09___        |
+-----------------------------------+
```

07 Civ. 9611 (PKC)

ORDER

P. KEVIN CASTEL, District Judge:

        I now have the August 7, 2009 Joint Letter of the parties with exhibits.  My rulings are
as follows:

        1.  Based upon the apparent lack of agreement about very much, counsel
should jointly advise in writing by August 20 which disputes were resolved at the July 21
session concerning depositions.

        2.  An objection to the form of a question asked at a discovery depostion, if
not asserted, is waived.  An objection as to form does not relieve the witness of the
obligation to respond. Those rules, however, do not relieve an attorney asserting an
objection of the obligation to have a good faith basis for believing that the objection is
meritorious.  I will direct Ms. Eileen Weitzman to file a declaration or affidavit by August
20, 2009 responding as follows:

        A.  For each question identified, the basis for an objection to the form: John
            Flanigan deposition of July 20, 2009, p.42, l.20 through p.44, l.6; p 45,
            l.16 through p.46, l.3; p. 51, l.1-5; p.53, l.22-25; p.54 l.11-22; p.59, l.10-
            13;.p.92, l.5-8; p.107, l.4-7; p.107, l.22-24; p.108, l. 5-11; p.109, l. 4-10;
            p.115, l.7-11; p.135, l. 2-5.

       B. For each question identified, the basis for the objection as to form and the direction not to answer the question (including but not limited to in light of this Court's Order of June 23, 2009): John Flanigan deposition of July 20, 2009, p.51, l.1-5 and p.51, l.15; p.16, l.4-6.

       3. I have not had called to my attention by plaintiffs any question asked at a deposition that calls for the disclosure of a confidential communication between attorney and client for the purpose of obtaining legal advice or is otherwise protected by the attorney-client privilege or so-called common interest doctrine. Nor has a basis for the assertion of attorney work product protection been established on this record. Questions at a deposition concerning the date, time and place of contact with an attorney are not generally protected by the attorney client privilege nor, absent unusual circumstances not shown to be present here, are they attorney work product. See, e.g. Local Civil Rule 26.2. If there had a basis for privilege or work product claims, an affidavit or declaration establishing the elements should have been furnished at the time of the Joint Letter and not thereafter. See Order of June 9, 2009. The privilege objections of plaintiffs, thus far asserted to specific questions, are overruled. Of course, I need not and do not rule on any question not presented to me. I do conclude that questions about how a plaintiff obtained an attorney in the criminal proceedings and whether they have been in contact since the dismissal of the charges has not been shown to be within the permissible scope of discovery and the plaintiffs' objection is sustained.

      4. I will sustain the direction not answer questions concerning Mr. Flanagan's present roommate and the identities of his roommates for the last 10 years as not sufficiently relevant and needlessly invasive of his privacy.

5.   Questions concerning Mr. Flanagan's arrest at the time of the 2004 Republican National Convention may have bearing on, among other things, damages.  I will allow questioning on the subject.

6.   Questions about the purchase or obtaining of a bicycle are permissible and, at a minimum, could go to damages.  The plaintiffs' objection is overruled.

7.   Certainly, contention interrogatories are permissible and serve the useful function of understanding a party's claims and contentions.  See, e.g., Local Rule 33.3(c). While a specific question at a deposition may be objectionable as to form or invade privilege or work product, the subject matter is permissible.

8.   In the context of this section 1983 action, a belief on the part of the plaintiff that he committed the violation with which he was charged could have some relevance (though it may not be dispositive) of whether a right protected by the consituion or federal law was violated and/or whether any defendant has a basis for a qualified immunity defense.  The plaintiffs' objections are overruled.

9.   Mindful of a plaintiff's First Amendment associational rights and the need to scrutinize discovery requests to see that they do not needlessly impinge on those rights, it is, nevertheless, appropriate for the defendants to inquire about a plaintiff's knowledge of others present at a public ride which the plaintiff has chosen to place in suit.

10.   Depositions shall resume within ten (10) days of this Order.

11.   Plaintiffs should submit a proposed protective order for this case by August 14 and defendants should indicate by August 19 the portions of the order to which they object and enclose the form of a marked and clean counter-order.

12.   All requests for costs and sanctions are denied without prejudice to the

4

Court revisiting the issue.  All other relief sought by any party is denied without prejudice.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        August 11, 2009