RECEIVED
OCT 14 2009
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-14-09



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 442-8248
Fax: (212) 788-9776

## MEMO ENDORSED

October 13, 2009

**VIA HAND DELIVERY**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Sheila Callaghan, et. al. v. City of New York, et al., 07 Civ. 9611 (PKC)(DFE)

Your Honor:

The parties have met on two occasions regarding defendants' Second Set of Interrogatories (contention interrogatories concerning paragraphs 122-171 of plaintiffs' Third Amended Complaint) and have been unable to reach agreement concerning whether and when plaintiffs are required to answer them.

Defendants' Position

On September 11, 2009, defendants served their Second Set of Interrogatories, a copy of which is annexed hereto, making answers due by plaintiffs on or about October 11, 2009. Defendants' Second Set of Interrogatories are contention interrogatories aimed at obtaining information regarding paragraphs 122-171 of plaintiffs' Third Amended Complaint. (a copy of which is also annexed hereto). The reason why defendants have served contention interrogatories with respect to the foregoing paragraphs of plaintiffs' complaint is that these allegations are not within the knowledge of the plaintiffs who are being deposed, but rather were put together by plaintiffs' counsel from information outside of plaintiffs' knowledge. The contention interrogatories that defendants have served are somewhat different than contention interrogatories that are often served at the conclusion of discovery and which are aimed at a plaintiff's legal claims. In this case, plaintiffs in paragraphs 122-171 of their Third Amended Complaint have made numerous allegations that are not within the knowledge of the plaintiffs themselves. Additionally, the foregoing allegations were, for the most part, not made upon

information and belief. The reason for defendants' need for this information now is that defendants must be able to take discovery on said allegations before the fact discovery deadline passes so that they can prepare their defenses thereto. There is no other way for defendants to take discovery on these allegations other than to serve the foregoing contention interrogatories. In fact, Your Honor specifically encouraged contention interrogatories in your August 11, 2009 Order at paragraph 7.

Plaintiffs appear to oppose answering the contention interrogatories on three grounds. First, they claim that the timing is not appropriate under Local Rule 33.3(c). With respect to timing, discovery is now in its 7th month and fact discovery closes at the end of February, 2010. Defendants simply cannot wait any longer to obtain said information as it is necessary to conduct any follow up fact discovery necessary to refute the allegations in paragraphs 122-171 of the Third Amended Complaint. As seen, the contention interrogatories served by defendants here are not the typical contention interrogatories aimed at discovering a plaintiff's basis for making legal claims that typically are propounded later in the case. Defendants need this information to take the discovery they need on paragraphs 122-171 of the complaint and prepare their defenses thereto. Defendants must not have to guess upon what these allegations are based.

Second, plaintiffs' claim that said allegations in the Third Amended Complaint are based on documents in defendants' possession and that defendants have not produced them. In the meetings that I have had with Mr. Oliver, we have had only the most general discussions about the documents referenced in plaintiffs' section of this letter and never discussed specific documents. (plaintiffs' section herein was apparently written by someone other than Mr. Oliver as he is presently out of town) The documents that plaintiffs reference in their section are court documents in other cases involving Critical Mass and/or trial transcripts in same. To the extent that plaintiffs need these court files, I have continually encouraged Mr. Oliver to obtain said files from the courts and/or court reporters in said cases, as is customary when an attorney believes that a court file is pertinent to their case. He has not done that. In any event, it was plaintiffs' counsel that chose to insert these allegations into their 1157 paragraph Third Amended Complaint, so they are seemingly allegations that plaintiffs intend to prove at trial. As, for the most part, the allegations in paragraphs 122-171 are not made upon information and belief, plaintiffs must have had some basis to make said allegations based on documents presently in their possession and defendants are entitled to know the basis therefore. Defendants must be provided the information necessary to refute these significant allegations that were made by plaintiffs.

Third, plaintiffs contend that defendants' Second Set of Interrogatories are burdensome. It is plaintiffs that chose to file a 1157 paragraph complaint in this matter. This is a major piece of litigation. Defendants have stated throughout that plaintiffs' counsel are ill equipped to prosecute this matter, of which this is just another example. Plaintiffs' counsel has burdened defendants with their 1157 paragraph complaint, but refuse to allow defendants the needed discovery thereon. This must not be allowed.

Relief Sought by Defendants

Defendants seek immediate answers to their Second Set of Interrogatories.

Plaintiffs' Position

The Southern District has chosen to adopt a Local Rule that specifically defers contention interrogatories until the conclusion of discovery. Presumably this Rule was adopted in recognition of the fact that, without adequate discovery, a party will not be able to put forth all of the facts necessary to support its contentions. Many courts have held that contention interrogatories are inherently improper. *See Clean Earth Remediation & Const. Svces., Inc. v. American Int'l Group, Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) (collecting cases). Numerous decisions have recognized the unfairness of expecting a party to respond to contention interrogatories without the benefit of sufficient discovery. *See, e.g., Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007) (Fed. R. Civ. P. 33(c) "protects the responding party from being hemmed into fixing its position without adequate information."); *Protex Int'l Corp. v. Vanguard Products Group, Inc.*, No. CV 05-5355, 2006 WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006) ("The burden imposed on Protex in responding to these requests outweighs the likelihood that useful information will be produced where Protex has not had discovery of Vanguard's documents."); *Suffolk Co. v. Lilco*, No. 87 CV 0646, 1988 WL 69759, at *1 (E.D.N.Y. June 13, 1988) ("Where the plaintiffs have not had discovery of defendant's documents and no depositions have been conducted, it is futile to compel them to answer interrogatories requiring a recitation of all facts and documents and the identity of all individuals with knowledge of the facts which support the allegations of the complaint.")

In the instant matter, plaintiffs have not yet taken any depositions, though defendants' depositions are scheduled to begin next week. Nor have plaintiffs received most of the essential documents plaintiffs demanded in June from defendants. Plaintiffs have complained to defendants about the scope of the discovery defendants have produced thus far, most recently in the context of the September 25, 2009 meet and confer Mr. Oliver and Mr. Zuckerman conducted, and in connection with the discussion of this application. Specifically, among other things, plaintiffs complained that defendants apparently had produced some documents they received from the Office of the District Attorney of New York County or the New York State Office of Court Administration pursuant to CPL § 160.50 releases plaintiffs provided beginning in 2007, but little or no documents bearing on plaintiffs' policy and practice claims or reflecting defendants' personal involvement in designing and/or implementing them, and pointed toward documents and categories of documents that were necessary for plaintiffs to prosecute their claims.

Among those documents and categories of documents were sworn written statements, deposition, hearing, and trial testimony, and responses to interrogatories and document demands in a number of other pending and prior cases involving the same defendants centering on the same incidents and the same or obviously similar policy and practice claims at issue in this case, few of which defendants have produced or accounted for. For example, at least defendants Smolka, Caneco, and Albano offered sworn written statements and at least defendants Smolka and Albano testified at length in the *Bray* proceedings between the commencement of the case in October of 2004 and its resolution in September of 2005. *See Bray v. City of New York*, 346 F. Supp. 2d 380 (S.D.N.Y. 2004); 356 F. Supp. 2d 277 (S.D.N.Y. 2004); No. 04 CIV. 8255, 2005 WL 2429504 (S.D.N.Y. Sept. 30, 20005). At least those defendants also offered sworn written statements in connection with the *Time's Up* litigation. See *City of New York v. Time's Up, Inc.*, 814 N.Y.S.2d 890 (Sup. Ct. N.Y. Co. 2006).

In both cases, the Law Department represented the City in affirmative litigation seeking to enjoin future promotion of or participated in unpermitted assemblies in City parks prior to, or unpermitted group bicycle rides, on the last Friday of each month in Manhattan. The Law Department also moved to intervene as *amicus curiae* on behalf of the City in many of the criminal prosecutions, relying on the sworn written statements and testimony from the *Bray* and the *Time's Up* litigations in its submissions in support of the constitutionality of the parade permitting scheme while those cases were pending throughout 2005 and up until January of 2006, when the Court decided the parade permitting scheme was unconstitutional. *See, e.g., People v. Bezjak*, 812 N.Y.S.2d 829 (N.Y. City Crim. Ct. 2006).

Documents produced by defense counsel for plaintiffs and third-parties in their criminal cases to the Office of the District Attorney of New York County and the Law Department in 2005 and 2006 included sworn written statements by defendants Smolka, Caneco, and Albano and transcripts of testimony they gave at hearings. Affirmations supporting omnibus motions seeking dismissal of the charges in those cases submitted month after month included specific citations to the record pointing toward the basis for belief of each statement in the affirmation. Defendants can thus find preliminary support for many of the allegations in the complaint defendants now seek amplification quite readily by reading documents that have been in the Law Department's care, custody, and control since approximately 2005, most of which defendants have neither identified nor produced.

Mr. Oliver informed Mr. Zuckerman that at least defendants Smolka, Caneco, and Albano offered sworn written statements bearing on the NYPD's enforcement of the parade permitting scheme during the relevant time period and covering, among other relevant topics, the October 2004 Critical Mass ride in the *International Action Center v. City of New York* litigation. *See* 522 F. Supp. 2d 679 (S.D.N.Y. 2007). Similarly, upon information and belief, at least defendants Smolka, Caneco, Albano, and Paragallo, and likely defendant Graham, also offered sworn written statements and testified at depositions, hearings, and/or trials in the *Five Borough Bicycle Club* case that have obvious bearing on plaintiffs' claim in this case. *See Five Borough Bicycle Club v. City of New York*, 483 F. Supp. 2d 351 (SDNY 2007). Upon information and belief, there has also been other fact discovery exchanged in that case that has obvious bearing on plaintiffs' claims in this case. However, unlike defendants' counsel, plaintiffs' counsel do not have access to the discovery or other documents exchanged in that case, and plaintiffs' counsel believe there is a protective order preventing the disclosure of at least some of the documents and information sought.

Finally in this regard, at least defendants Smolka, Graham, Albano, and other City agents who apparently were involved in designing and implementing the policies and practices complained of in this lawsuit, have been deposed in the Consolidated RNC Cases in connection with some of these topics, or documents bearing on the policies and practices complained of in this litigation and/or reflecting their involvement in the design and implementation of them have been exchanged. However, there are numerous protective orders active in those cases that would prevent plaintiffs' counsel from using the documents for purposes other than prosecuting the RNC litigations. Only two of plaintiffs' counsel have had access to the discovery in the consolidated RNC cases, and only one has current access.

Since Mr. Oliver's conversation with Mr. Zuckerman about these matters on September 25, 2009, defendants have produced no additional responsive documents. At this

stage of the litigation, plaintiffs already are focusing significant energy on producing plaintiffs at the pace of three to four a week for depositions, producing supplemental discovery, and beginning defendants' depositions. The pressing need for further document production on defendants' part is clear to plaintiffs and, we submit, should have been clear to defendants long ago. To the extent it may remain unclear to defendants why plaintiffs require the demanded discovery to advance the litigation, including in connection with defendants' depositions, based on Mr. Oliver's numerous conversations with Mr. Zuckerman on the topic, Mr. Oliver has committed to providing Mr. Zuckerman with a letter amplifying our position by this week's end in anticipation of the need for a meet and confer and with the hope of avoiding, or at least delaying the need for, a motion to compel. No matter how the parties resolve their dispute about the scope of defendants' document production, however, plaintiffs would be severely prejudiced by having to respond to contention interrogatories at this time.

Parenthetically, contrary to defendants' claim, the Court's August 11th Order in no way "encouraged" contention interrogatories at this point (or at any other point, for that matter), but simply noted that questions in that format may be permissible at depositions.

In addition to the timing of defendants' contention interrogatories, plaintiffs also object to the interrogatories on the ground of extreme burden. Even a quick review of the interrogatories reveals that responses would require reviewing hundreds or thousands of pages of documents, most of which were provided to the City in prior litigations to which it was a party.

Should the Court deny plaintiffs' application in regard to the timing of the interrogatories, plaintiffs respectfully request that they be permitted to brief the issue of burden more fully.

Relief Sought by Plaintiffs

Plaintiffs respectfully request that they not be required to respond to defendants' contention interrogatories at this time, and that the issue as to whether responses will be required at all be addressed toward the conclusion of discovery.

Thank you for your consideration herein.

*[Handwritten order: Plaintiff shall respond to the following interrogatories within 30 days: 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 66. Plaintiff shall respond to the following interrogatories within 45 days prior to the close of fact discovery: 1 through 5, 14, 20, 21, 22, 23, 24, 25, 26, 27, 28 through 41, 49, 50, 59, 60, 61, 65. Plaintiff need not respond to 62, 63, 64. SO ORDERED. /s/ USDJ 10-14-09]*

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

/s/
Rose M. Weber